UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JOHNNY MASON

                                                                                   02 Civ. 5729
                                                                              OPINION & ORDER

                                     Petitioner,

    -against-

GEORGE DUNCAN,
                                     Respondent.
------------------------------------------------------------------x
KIMBA M. WOOD, U.S.D.J.:

**I.**     **Background**

      Petitioner Johnny Mason, a New York state prisoner currently incarcerated at the Great Meadow Correctional Facility, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (28 U.S.C. § 2254 Petition, June 14, 2002 ("Petition").) Mason seeks to set aside his September 23, 1998 conviction from the Supreme Court of the State of New York, New York County. (Supp. Mem. of Law in Support under 28 U.S.C. § 2254, Dec. 7, 2004 ("Mem.").) Mason pleaded guilty to grand larceny in the fourth degree, pursuant to N.Y. Penal Law § 155.30(5). (Id.) For the reasons stated in this Opinion and Order, the Court denies the writ of habeas corpus.

      Mason was sentenced as a persistent felony offender ("PFO") under New York's PFO statute, N.Y. Panel Law § 70.10, to a term of fifteen years to life in prison.[1] (Appendix

---

[1] The prosecution introduced evidence of Mason's six prior New York felony convictions. All but one of those convictions were for possession of stolen property or for jostling. (Appendix at 127.) With a single exception, all of Mason's victims were women, most of whom were older than sixty years of age. (Id.) The prosecution also introduced evidence of Mason's prior felony convictions in Illinois, and prior misdemeanor convictions in New York. (Id. at 64) Finally, the prosecution showed that, with the exception of a one-year period of time, Mason has been re-arrested within two months of being released from imprisonment. (Id. at 127.)
      In concluding that Mason should be sentenced as a PFO, the New York State Supreme Court Justice found, as a matter of fact, that Mason has been incarcerated a total of twenty-nine times, and has spent an aggregate of ten years in prison. (Id. at 64.) The Justice also found that

1

Accompanying Supp. Mem. of Law in Support of Petition under 28 U.S.C. § 2254, Dec. 7, 2004 ("App").)

Mason raises the following claims in his pro se habeas petition, filed on June 14, 2002, and in his pro se reply memorandum in further support of his petition, filed on April 17, 2003: (1) his sentence under the PFO statute was based on facts not found by a jury beyond a reasonable doubt, and was therefore in violation of his rights to due process and a jury trial; (2) the sentencing court's determination that he was a PFO violated his right to be free from cruel and unusual punishment under state and federal law; (3) the sentencing court's determination that he was a PFO violated his constitutional rights to equal protection of the laws; (4) the sentencing court's determination that he was a PFO was an improvident exercise of discretion; and (5) his sentence was excessive, and should be reduced in the interest of justice. (Petition at ¶ 13.)

Mason's petition was referred to Magistrate Judge Ellis. On March 18, 2011, Judge Ellis issued a detailed and thorough Report and Recommendation ("R&R"), familiarity with which is assumed. In the R&R, Judge Ellis rejected all five of Mason's arguments, and recommended that Mason's petition be DENIED. (See Dkt. Entry No. 25.)

On March 28, 2011, Mason, through his attorney at the Center for Appellate Litigation, timely filed objections to certain portions of Judge Ellis's R&R, pursuant to 28 U.S.C. § 636(b)(1)(C). (See March 28, 2011 Objection ("Objection").)

After considering Mason's objections, and reviewing the remainder of the R&R for clear error, this Court ADOPTS the R&R in its entirety.

II.     **Standard of Review**

---

Mason has received bench warrants in the "double digits," and has used nine different aliases and 12 different dates of birth. (Id. at 65.)

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); New York Dist. Council of Carpenters Pension Fund v. Perimeter Interiors, Inc., 657 F. Supp. 2d 410, 414 (S.D.N.Y. 2009).

"This Court reviews de novo those parts of the Report to which objections are made, and reviews the remainder for clear error on the face of the record." New York Dist. Council of Carpenters Pension Fund , 657 F. Supp. 2d at 414; see also Fed. R. Civ. P. 72 (b); 28 U.S.C. § 636(b)(1). "[W]hen a party makes only generalized or conclusory objections, or simply reiterates his original arguments, the Court reviews a magistrate judge's report and recommendation for clear error." Fabricio v. Artus, No. 06 Civ.2049, 2009 WL 928039, at *1 (S.D.N.Y. Mar. 12, 2009).

### III.   Analysis[2]

Mason's objections to the R&R focus on only two of the five arguments made in his habeas petition: (1) that his sentence under the PFO statute was based on facts not found by a jury beyond a reasonable doubt, and was therefore in violation of his rights to due process and a jury trial; and (2) that the sentencing court's determination that he was a PFO violated his constitutional rights to equal protections under the law. (See Objection at 1-4.) Mason has not objected to remaining portions of the R&R, and thus those portions will be reviewed for clear error. (Id.)

    A.   The Apprendi Argument

---

[2] Judge Ellis outlined the factual and procedural background of this case in his R&R, familiarity with which is assumed. (See R&R at 1-4.)
    Judge Ellis found that Mason's habeas petition was timely, and that Mason had exhausted all state judicial remedies, pursuant to the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(b)(1)(A). (See R&R at 5-6.) The Court adopts this analysis.

Mason argues that his sentence under the PFO statute was based on facts not found by a jury beyond a reasonable doubt, and was therefore in violation of his rights to due process and a jury trial under Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny. (Mem. at 23-29.) Specifically, Mason alleges that the PFO statue's sentencing scheme impermissibly allows judges to make findings of fact to enhance a defendant's sentence. (Id.; Objection at 1-2.) Judge Ellis rejected this argument, and Mason now objects to that portion of Judge Ellis's R&R.

In Portalatin v. Graham, the Second Circuit, sitting en banc, held that the New York Court of Appeals' upholding of New York's PFO statute was not an unreasonable application of Apprendi and its progeny, and was consistent with the Sixth Amendment. 624 F.3d at 69, 88-94 (2d Cir. 2010). In upholding the constitutionality of the PFO statute, the Court reversed a panel for the Second Circuit that had held that the PFO statute violates the Sixth Amendment. See Besser v. Walsh, 601 F.3d 163 (2d Cir. 2010).

Mason acknowledges that Portalatin "controls the outcome of [his] . . . argument that he was unconstitutionally sentenced as a persistent felony offender." (Objection at 1-2.) However, he draws this Court's attention to the fact that the Supreme Court is currently considering a petition for a writ of certiorari in the case of People v. Battles, 16 N.Y.3d 54 (2010). (See Objection at 2.) In Battles, the New York Court of Appeals, like the Second Circuit in Portalatin, upheld the constitutionality of the PFO statute. 16 N.Y.3d at 59. The Chief Judge of the New York Court of Appeals dissented in the Battles decision, concluding that the PFO statute was unconstitutional under Apprendi. Id. at 59-68. Mason contends that there is reason to believe the Supreme Court will now review this issue, given the Chief Judge's dissent, and the now-existing split between the New York Court of Appeals and other state courts that have reviewed this type of statute. (Objection at 2.)

If the Supreme Court reverses the New York Court of Appeal's decision in <u>Battles</u>, the Court assumes that the parties will bring that fact to the Court's attention. However, the Supreme Court has not yet granted the petition for a writ of certiorari in <u>Battles</u>, and so that possibility has no bearing on the present case.

Because the Second Circuit has affirmed the constitutionality of New York's PFO statute, this Court is bound to find that Mason's sentence is constitutional under <u>Apprendi</u> and its progeny.

B.      <u>The Equal Protection Argument</u>

Mason contends that the sentencing court's determination that he was a PFO violated his constitutional rights to equal protection of the laws. (Pet. ¶ 13.) Judge Ellis rejected this argument, and Mason now objects to that portion of the R&R.

Mason's equal protection argument is two-fold. First, he contends that it is irrational that he, "who has never committed an offense more serious than a class E non-violent felony—could be sentenced to more prison time than a persistent violent felon guilty of a class D violent felony." (App. at 108.) Mason also contends that, "as applied to him," this scheme leads to arbitrary and irrational results, because he has never committed a violent felony, and has never been convicted of anything more than the lowest level of felony in New York. (<u>Id.</u> at 110; Objection at 3.) Second, Mason contends that there is no rational basis for the disparate sentencing treatment between him and his similarly-situated co-defendants. (App. at 111-13.)

Mason does not object to Judge Ellis's description of the clearly established law governing his equal protection claim, namely, rational basis review.[3] (Objection at 2.) Mason

---

[3] "The general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." <u>Cleburne v. Cleburne Living Ctr.</u>, 473 U.S. 432, 440 (1985) (citations omitted).

does, however, object to Judge Ellis's conclusions regarding his equal protection claim, particularly with respect to his first equal protection argument. (Id. at 2-3.)

Applying rational basis review to this case, the Court finds that Mason's first equal protection argument does not have merit. Mason's suggestion that it is irrational for a state to treat a non-violent offender so harshly has been addressed by the Supreme Court. See Rummel v. Estelle, 445 U.S. 263 (1980). [4]

In Rummel, a third-time felon received a life sentence with the possibility of parole after twelve years under Texas's recidivist statute. Id. The petitioner's three felonies consisted of (1) fraudulent use of a credit card; (2) passing a forged check; and (3) obtaining property—totaling just $120—by false pretenses. Id. at 275-76. The Supreme Court upheld his sentence, finding that Texas had a legitimate and rational interest in deterring recidivists. Id.

The Supreme Court recognized that a state's legitimate "interest" in applying its recidivist statute is not only to punish the unlawful actions of a particular criminal defendant, but also to "deal[] in a harsher manner with those who by repeated criminal acts have shown that they are simply incapable of conforming to the norms of society as established by its criminal law." Id. at 276. Noting that "the presence or absence of violence does not always affect the strength of society's interest in deterring a particular crime or in punishing a particular criminal," the Supreme Court reasoned that:

> a State cannot be required to treat persons who have committed three 'minor' offenses less severely than persons who have committed one or two 'more serious' offenses. If nothing else, the three-time offender's conduct supports inferences about his ability to

---

[4] In Rummel, the petitioner claimed that his "sentence was so disproportionate to the crimes he had committed as to constitute cruel and unusual punishment" under the Eighth and Fourteenth Amendments. 445 U.S. at 267. The decision provides useful guidance to the instant analysis, because in Rummel, the Supreme Court was similarly evaluating a state's interest in upholding its recidivist statute.

6

> conform with social norms that are quite different from possible inferences about first-or-second-time offenders.

Id. at 275; 282 n.27.

It is similarly rational for the state of New York to find that a repeat non-violent criminal such as Mason, who refuses to act in accordance with the law notwithstanding repeated incarceration, poses dangers to society that may not be found with a first or second time violent felony offender.  Such an interest passes rational basis review.

The Court recognizes that Mason has never committed a violent felony, and, in fact, has never been convicted of anything more than the lowest level of felony in New York.  (Objection at 3.)  However, Mason has been incarcerated a total of twenty-nine times, and has spent an aggregate of ten years in prison.  (App. at 64.)  Mason's multiple convictions—and his prompt commission of new crimes after his release from imprisonment—reveal repetitive behavior that poses a significant threat to society, even in the absence of any violence.  Mason's sentence as a PFO certainly survives rational basis review.

Although Mason does not explicitly object to Judge Ellis's rejection of his second equal protection argument—which concluded that there was a rational basis for the disparate sentencing treatment between him and his similarly-situated co-defendants—the Court notes that Mason's second argument also lacks merit.  Mason has five more prior convictions than his codefendants, and neither of his co-defendants has exhibited the recidivist pattern seen in Mason's life.  (App. at 128.)  It is therefore rational that Mason received a lengthier sentence than that of his codefendants.

  C. <u>Remaining Arguments</u>

No objections have been made with respect to the remainder of the R&R.  The Court has thus reviewed those portions of the R&R for clear error.  The Court finds them to be well-

reasoned and free of any clear error on the face of the record, and thus adopts those portions of the R&R.

IV. **Conclusion**

For the reasons stated above, the Court adopts Judge Ellis's well-reasoned R&R in its entirety. Accordingly, Mason's petition for a writ of habeas corpus is DENIED.

SO ORDERED.

**The Clerk of Court is directed to close this case. Any pending motions are moot.**

Dated: New York, New York
       June 23, 2011

/s/ Kimba M. Wood

_____
Kimba M. Wood
United States District Judge

8