UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JOHNNY MASON

                                                                                                 02 Civ. 5729
                                                                                                 OPINION & ORDER

                        Petitioner,

    -against-

GEORGE DUNCAN,
                        Respondent.
-------------------------------------------------------------------x
KIMBA M. WOOD, U.S.D.J.:

    **I.**      **Background**

On March 18, 2011, Magistrate Judge Ellis issued a Report and Recommendation, recommending that Johnny Mason's habeas petition be denied in its entirety. (Dkt. Entry No. 25.)

On March 28, 2011, Mason filed objections to the Report and Recommendation.

On June 23, 2011, this Court issued an Opinion and Order adopting the Report and Recommendation in its entirety and denying Mason's habeas petition. (Dkt. Entry No. 26.)

On July 20, 2011, Mason moved for an order granting a Certificate of Appealability on his claim that his sentence under New York's persistent felony offender ("PFO") statute was in violation of his due process rights under Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny. See Affirmation in Support of Motion for Certificate of Appealability ¶5; see also Dkt. Entry No. 29.

    **II.**      **Standard of Review**

Pursuant to 28 U.S.C. § 2253, a Certificate of Appealability should issue if a petitioner "has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c). A "substantial showing" requires a finding that "reasonable jurists could debate

1

whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).

**III.    Analysis**

In the Opinion and Order denying Mason's habeas petition, this Court rejected Mason's claim that his sentence under the PFO statute was in violation of his rights to due process and a jury trial under Apprendi and its progeny.

This Court noted that the Second Circuit has recently held that the New York Court of Appeals' upholding of New York's PFO statute was not an unreasonable application of Apprendi and its progeny, and was consistent with the Sixth Amendment. See Portalatin v. Graham, 624 F.3d at 69, 88-94 (2d Cir. 2010).

At the time that he filed his Objection to the Report and Recommendation, Mason recognized—and he continues to acknowledge—that Portalatin "controls the outcome of [his] . . . argument that he was unconstitutionally sentenced as a persistent felony offender." See Objection at 1-2; see also Memorandum of Law in Support of Motion for an order granting a Certificate of Appealability ("Mem") at 5.

Nevertheless, Mason now contends that a Certificate of Appealability should issue with respect to his Apprendi claim, because of "the Supreme Court's current consideration of the petition for a writ of certiorari in the case of People v. Battles, 16 N.Y.3d 54 (2010)." Mem. at 5.

In Battles, the New York Court of Appeals, like the Second Circuit in Portalatin, upheld the constitutionality of the PFO statute. 16 N.Y.3d at 59.  The Chief Judge of the New York Court of Appeals, Jonathan Lippman, dissented in the Battles decision, concluding that the PFO

2

statute was unconstitutional under Apprendi.  Id. at 59-68.  Mason contends that there is reason to believe the Supreme Court will review the constitutionality of the PFO statute as presented in Battles, given (1) the Chief Judge's dissent in Battles; (2) the now-existing split between the New York Court of Appeals and other state courts that have reviewed this type of statute; and (3) the fact that, since the time that Mason filed his objections to the Report and Recommendation, the Supreme Court has ordered the State of New York to respond to Mr. Battles' pending petition for a writ of certiorari.[1]  (Mem. at 5-6.)

Indeed, one federal judge in the state of New York has already granted a Certificate of Appealability on the issue of the constitutionality of New York's PFO statute, noting specifically both the Chief Judge's dissent and the pending certiorari petition in People v. Battles.  See Seda v. Conway, 2011 WL 1344240, at *8 (NDNY Apr. 8, 2011) ("In light of Judge Lippman's dissent in Battles and the pending petition for a writ of certiorari in that case, I conclude that Seda has met the 'substantial showing' requirement with regard to his claim that his sentence under New York's persistent felony offender statute was unconstitutional.").

In short, 28 U.S.C. § 2253(c)(2) does not require that a petitioner show that his appeal will succeed.  See Miller–El v. Cockrell, 537 U.S. 322, 337 (2003).  Rather, "[a] petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. at 323.

Taking into consideration both the Chief Judge's dissent and the pending certiorari petition in People v. Battles, this Court finds that Mason has made the necessary showing that

---

[1] Mason cites to evidence showing that the odds that the Supreme Court will grant certiorari generally increase when the Supreme Court calls for a respondent to submit a response to a petition.  (Mem. at 6.)

"jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id.

### IV. Conclusion

For the foregoing reasons, Mason's motion for a Certificate of Appealability is granted with respect to his claim that his sentence under New York's PFO statute violated his Sixth Amendment rights under Apprendi and its progeny.

SO ORDERED.

Dated: New York, New York
       July 26, 2011

*[signature]*
Kimba M. Wood
United States District Judge

4